

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-3519-CIV-HUCK/SIMONTON

THE HERITAGE CORPORATION OF SOUTH FLORIDA,
INC., and HERITAGE CORPORATION OF SOUTH
FLORIDA EMPLOYEE PENSION PLAN,

       Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA., and AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT NATIONAL UNION'S MOTION FOR ATTORNEY'S FEES AND COSTS

Presently pending before this Court is Defendant National Union's Motion To Tax Attorney's Fees and Costs (DE # 252, filed 2/25/05). This motion is referred to the undersigned Magistrate Judge (DE # 262). This motion has been fully briefed (DE ## 259, 260, 261, 280, 281, 282). For the reasons stated below, it is recommended that the motion be granted in part.

### I. Background

In this case, Plaintiff Heritage (hereafter Heritage) filed a three-count Amended Complaint in state court. In Count I, Heritage alleged that National Union refused to pay on fidelity indemnification bonds after Heritage made claims on the bonds for losses due to dishonest acts by Heritage's employees. In Counts II and III, Heritage alleged that Defendants were liable on error and omissions policies, but that Defendants refused to pay on those bonds after Heritage made claims for losses due to errors and omissions by Heritage's employees (Ex. A to DE # 1). National Union subsequently removed the case to

this Court on diversity grounds (DE # 1).

On June 6, 2002, National Union served an offer of judgment for $250,001 on Heritage, pursuant to Fla. Stat. §768.79 (DE # 204).

At trial, the jury found for Heritage in the amount of $80,310.00 (DE # 199).  The Court subsequently entered final judgment in favor of Heritage in the amount of $55,310.00, plus pre-judgment interest in the amount of $17,903.92, for a total award of $73,213.92 (DE # 212).[1]

Heritage subsequently moved to strike the offer of judgment (DE # 213), and National Union moved to enforce the offer of judgment (DE # 224).  The District Court denied Heritage's motion and granted National Union's motion (DE # 238).  and ordered National Union to file a motion for attorney's fees based upon the offer of judgment

On February 25, 2005, National Union filed the instant motion, based upon the Court's ruing that National Union was entitled to its reasonable attorney's fees and costs incurred after it served Heritage with the rejected offer of judgment (DE # 252).

II. Analysis

It is undisputed that, based upon the District Court's prior rulings, National Union is entitled to its reasonable attorney's fees and costs from June 6, 2002, the date that it served Heritage with the offer of judgment which Heritage did not accept, through January 27, 2004, the date on which the Court ordered that the offer of judgment was enforceable.

This Court calculates a reasonable attorney's fee by using the lodestar method,

_____

[1] The District Court subsequently ruled that Heritage had waived its right to file a motion for attorney's fees and reiterated its earlier ruling enforcing the offer of judgment (DE ## 258, 278).

which requires this Court to multiply the reasonable hours expended by Plaintiffs' counsel by Plaintiffs' counsel's reasonable hourly rate. *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F.Supp. 1190, 1191 (S.D. Fla. 1991). National Union bears the burden of documenting reasonable hours expended and reasonable hourly rates. *See ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). National Union must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. *See ACLU v. Barnes,* 168 F.3d at 427; *Norman v. Housing Auth. of Montgomery,* 836 F.2d at 1303.

This Court must first determine whether the requested hourly rates are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299. With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended. *Norman,* 836 F.2d at 1301. National Union's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel. *ACLU v. Barnes,* 168 F.3d at 427. Furthermore, if National Union's counsel satisfies the burden of showing that the time spent reflects the distinct contribution of each lawyer, and the customary practice of multiple-lawyer litigation, National Union's counsel is entitled to recover for the hours

3

expended by multiple attorneys. *Id.* at 432. The reasonable hourly rate should already reflect the skill demonstrated by National Union's counsel. *Id.* at 1302; *Cuban Museum of Arts,* 771 F.Supp. at 1192.

A. Attorneys' Fees

National Union seeks a total of $498,317.00 in attorneys' fees for services provided by their retained attorneys between June 6, 2002 and January 27, 2004 (DE # 253, Declaration of Jeffery Michael Cohen, dated February 24, 2005, at 4, ¶14). For the reasons stated below it is recommended that National Union's fee request be reduced by 15%, to $423,569.45.

1. Hourly Rates

National Union requests the following hourly rates as to the principal attorneys who worked on the case: 1) from June 6, 2002 through January 2003, a) Jeffery Michael Cohen, Esq. $350.00; b) Renee Schimkat, Esq. $270.00 and c) Steven J. Brodie, Esq. $335.00, and 2) from January 2003 through January 27, 2004,  a) Jeffery Michael Cohen, Esq. $265.00; b) Renee Schimkat, Esq. $250.00 and c) Steven J. Brodie, Esq. $265.00 (DE # 253, Declaration of Jeffery Michael Cohen Regarding Attorney's Fees, dated February 24, 2005, at 3-4, ¶¶12-13). Heritage does not object to the hourly rates requested by National Union (DE # 259 at 1-2, ¶2). Therefore,  the undersigned Magistrate Judge finds that the unobjected-to hourly rates requested by National Union are reasonable.

2. Reasonableness of Hours Billed

a. The Parties' Positions

National Union seeks reimbursement for 1,973 hours spent by its attorneys and paralegals on this case from June 6, 2002 and January 27, 2004 (DE # 253, Declaration of

4

Jeffery Michael Cohen Regarding Attorney's Fees, dated February 24, 2005, at 3, ¶10).

Heritage initially objects to the hours requested by National Union contending that National Union has padded its hours with the view of creating a huge offset to any damages which Heritage may recover from its statutory bad faith action against National Union.  Heritage also states that National Union's requested fees are excessive based upon the amount of fees billed by Heritage's counsel during the same time period, $32,321.35 (DE # 280 at 2. 3-4).  Heritage also objects to the hours requested by National Union on the bases that: 1) National Union's counsel have block billed for many of their entries, billing many separate tasks under one amount of time (DE # 280 at 2, 9-11); 2) there was unnecessary duplication of effort by National Union's counsel (DE # 280 at 2, 4-6); and 3) attorneys billed for administrative and non-legal tasks that should have been performed by support staff (DE # 280 at 2, 6-9).

National Union responds that Heritage has previously claimed approximately $183,000.00 for its attorney's fees in this case from the beginning of this case on June 20, 2001 until the service of National Union's Offer of Judgment on June 6, 2002 (DE # 281 at 3-4).  See DE # 247 at 2-3; DE # 267 and Ex. 1.

National Union also contends that Heritage's surreply was deliberately misleading, noting that Heritage's bad faith claim is not presently pending before the Court, but was dismissed without prejudice on March 24, 2005 (DE # 281 at 3).[2]  National Union also takes issue with Heritage's contention that some of the tasks performed by National Union's attorneys could have been performed by support staff, and that some of National Union's

---

[2] Heritage concedes that its bad faith claim has been dismissed (DE # 282 at 2-3, ¶¶4-6).

time entries are insufficiently detailed (DE # 281 at 4-5).

Heritage contends that since the District Court, in denying Heritage's motion for reconsideration, found unreliable Heritage's affidavit for approximately $150,000.00 in additional attorney's fees from May 2001 through June 2002, National Union may not rely upon that affidavit (DE # 282 at 3-4, ¶¶7-8). Finally, Heritage reiterates its argument that the time records submitted by National Union are insufficiently detailed for the Court to establish whether the claimed amounts of time were reasonable (DE # 282 at 4-5, ¶¶9-10).

b. National Union's Fee Request Should Be Reduced By 15%

The undersigned has thoroughly examined the voluminous billing records of National Union's counsel for the period from June 6, 2002 through January 27, 2004. As previously stated, National Union claims approximately 1976 hours. Due to the voluminous fee documentation, the undersigned will not conduct an hour-by-hour review. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001); *accord Trujillo v. Banco Central del Ecuador*, 229 F.Supp.2d 1369, 1375-76 (S.D. Fla. 2002).

On the one hand, National Union is entitled to the vast majority of the hours billed. As National Union points out, its counsel obtained excellent results. Heritage sought ~~almost four million dollars in damages in attorney's fees plus attorney's fees.~~ Heritage obtained a judgment of approximately $73,000. It is undisputed that the case involved thousands of pages of account records which had to be reviewed, categorized and analyzed. Moreover, the Federal Home Loan Mortgage Corporation (hereafter Freddie Mac), held an assignment from Heritage and intervened in the action in February 2002. This required National Union to review seven boxes of records produced by Freddie Mac and to depose the Freddie Mac witnesses. National Union's counsel had to spend

6

substantial time preparing pretrial motions, which substantially shortened the trial, as summary judgment was granted in favor of National Union on all but one of the policies at issue, and in the dismissal of Freddie Mac from the lawsuit. Finally, the case went to a three day jury trial in September 2002. In addition, there was extensive post-verdict litigation until the Court ruled that National Union was entitled to attorney's fees pursuant to the rejected offer of judgment.

However, the undersigned finds that some of the hours claimed by National Union are duplicative. The undersigned notes that National Union has listed more than twenty-five attorneys and paralegals who billed for work on the case. When so many attorneys work on a case, duplication of effort is almost inevitable. Furthermore, Heritage has listed seven examples of duplication of effort by National Union's attorney's (DE # 280 at 4-6). National Union has not explained why the duplication of effort was reasonable, thus making it chargeable. *See ACLU v. Barnes*, 168 F.3d at 432. The undersigned's review of National Union's attorneys' billing record has revealed more duplication of effort.

The undersigned does not find that National Union's attorneys and paralegals have billed excessively for tasks which should have been performed by support staff. While Heritage has listed thirty-five administrative tasks performed by attorneys or paralegals which it claims should have been performed by support staff (DE # 280 at 6-9), the undersigned finds that most of these tasks were appropriately performed by the paralegals or attorneys who performed them. For example, the undersigned does not agree with Heritage that secretarial staff, instead of a paralegal should prepare a table of contents of a file for use in trial preparation, prepare a privilege log, or direct handling of organization of documents produced in discovery. However, a secretary could update

7

witness files with additional deposition information for witnesses as A. Dahlquist spent 0.50 hours doing on June 6, 2002.

Moreover, the undersigned finds that Heritage has made a number of mistakes in its listing. This makes it difficult to give credence to Heritage's arguments. For example, Heritage states that L. Hines billed 2.50 hours on June 6, 2002 for beginning preparation of a table of contents of a file for use in trial preparation, a conference regarding a deposition schedule for New York and the preparation of a fax to the client with pleading received that day (DE # 280 at 6). L. Audet actually billed for performing these tasks. Moreover, as National Union points out (DE # 281 at 4-5), Heritage also omitted most of the listing for attorney Cohen on June 14, 2002, stating that Cohen spent 3.0 hours setting depositions (DE # 280 at 7). The actual listing states that Cohen spent 3.0 hours setting depositions, reviewing the file and having an extensive conference with Carranza, who was an expert accounting witness for National Union who testified at trial (DE # 281 at 4-5).

Therefore, the undersigned finds that National Union's attorneys and paralegals did not bill excessively for tasks which should have been performed by support staff, and the attorney's fees requested by National Union should not be reduced on this ground.

Similarly, the undersigned does not credit Heritage's argument that National Union's fee award should be reduced because Heritage's attorney's fees for the same period were only $32,321.35. Initially, the undersigned does not give much, if any, weight in determining an attorney's fee award to the attorney fees of the non-moving party. Secondly, Heritage misstated the period for which its fees were only $32,321.35. This was the period from the inception of the lawsuit, in June 2001 through the service of National

Union's offer of judgment on June 6, 2002 (DE # 247 at 2-3). Therefore, even if the undersigned would consider Heritage's attorney's fees, the relevant period of time would be from June 6, 2002 through January 24, 2004, the period of time for which National Union is entitled to its attorney's fees.[3]

The undersigned does not credit that Heritage's argument that National Union's attorney fees should be reduced due to "block billing' in National Union's time records. Heritage is correct that there is some of the listings in National Union's time records lack sufficient detail to ascertain how much time the attorney or paralegal spent on each task. However, this is true for virtually all time records which the undersigned has reviewed. Moreover, since the undersigned is not reviewing the time records of National Union's attorneys entry by entry, but is viewing the fee request as a whole, the block billing issue is not crucial to the undersigned's analysis in this case.

Finally, Heritage has accused National Union of padding its request for attorney's fees in order to obtain a setoff to any judgment which Heritage may obtain in a future bad faith action against National Union. The undersigned does not credit this argument, and finds that Heritage has provided absolutely no factual basis for this attack.

---

[3] Heritage is also disingenuous in the amount of attorney's fees which it claims it expended between the start of the litigation and June 6, 2002. In its May 11, 2005 motion for reconsideration of the District Court's order finding that National Union was entitled to attorney's fees, Heritage stated that it had expended an additional $150,661.50 in attorney's fees between the start of the litigation and June 6, 2002 (May 10, 2005 Affidavit of Leo Greenfield Concerning Harvey Duval's Attorney's Fees, Ex. 1 to DE # 267, at ¶5). While Heritage's counsel is correct that the District Court denied the motion for reconsideration and rejected the Greenfield affidavit as inadequate (DE # 278 at 4, fn.3 ), the undersigned feels compelled to note that Heritage's counsel previously asserted in this litigation that Heritage's attorney's fees between the start of the litigation and June 6, 2002 were approximately $183,000.00, but now Heritage's counsel affirmatively disclaims all of the $150,661.50 in fees he previously attributed to Duval's representation.

9

Therefore, due to the duplication of effort by National Union's attorneys, but keeping in mind the excellent results obtained by National Union's attorneys in this case, the undersigned reduces the requested attorney's fees requested by National Union by fifteen percent, to $423,569.45.  *See Trujillo v. Banco Central del Ecuador*, 229 F.Supp.2d at 1376, citing *Loranger v Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).  The undersigned finds that a fee of $423,569.45 is reasonable for the work which National Union's counsel performed from  June 6, 2002 through January 24, 2004, and recommends that National Union be awarded a total of $423,569.45 in reasonable attorney fees.

B. <u>Costs</u>

National Union requests an award of $31,466.66 in costs (DE # 253, Declaration of Jeffery Michael Cohen Regarding Costs, dated February 24, 2005, at 2, ¶¶2-3).

Heritage objects to the following costs: 1) internal copying costs of $4,712.30 (no showing of reasonableness); 2) messenger costs of $41,533.06 (not taxable under 28 U.S.C. §1920); 3) litigation support costs of $1,306.00 (no showing of reasonableness); 4) court reporter charges of $5,591.70 (no showing of reasonableness); 5) external copying costs of $371.34 (no showing of reasonableness); 6) travel and lodging for depositions in New York (not taxable under 28 U.S.C. §1920); 7) Lexis charges ($45,464.65) (not taxable under 28 U.S.C. §1920); and 8) Westlaw charges ($9,660.83) (not taxable under 28 U.S.C. §1920).  Heritage does not object to awarding $40.00 to National Union for service of a subpoena (DE # 259 at 5-6 at §9-11; DE # 280 at 12-14).  National Union has not responded to Heritage's arguments.

Initially, Heritage's argument relies on the incorrect statute.  National Union seeks costs under the Florida offer of judgment statute, not under 28 U.S.C. §1920.  Thus,

National Union is entitled to the award of reasonable, taxable costs pursuant to Fla. Stat. §57.041.[4]  *See C & S Chemicals, Inc. v. McDougald*, 754 So.2d 795, 797 (Fla. 2d Dist. App. 2000).

However, even under the Florida statute, National Union must show that its claimed costs were reasonable and taxable under the statute.  National Union has not done this. Even after Heritage contended that National Union had not provided documentation showing that most of its requested costs were reasonable, National Union did not provide any documentation or argument demonstrating that any of the challenged costs were reasonable.  Again, even after Heritage contended that certain of the categories of requested costs were not taxable, National Union did not provided any authority supporting its assertion that messenger charges, computer research charges, and travel and lodging charges for out-of-town depositions are taxable costs under Florida law.

Thus, the undersigned recommends that $31,426.66 in requested costs be denied as unsubstantiated.  *See Johnson v. Mortham*, 173 F.R.D. 313, 318-21 (N.D. Fla. 1997) (court denied all undocumented costs, even though costs would have been taxable if properly documented); *Fulton Federal Sav. & Loan v. American Ins. Co.*, 143 F.R.D. 292, 300 (N.D. Ga. 1991) (where a movant fails to respond to an objection to a requested cost item by coming forward with evidence showing that the item at issue is taxable, the court may disallow the item).  The undersigned  also recommends that National Union be awarded the unopposed costs of $40.00 for service of subpoenas.

---

[4] Indeed, as National Union was not the prevailing party in this case, it is not entitled to costs under 28 U.S.C. §1920.

11

III. Conclusion

Therefore, after a careful review of the record and for the aforesaid reasons, the undersigned Magistrate Judge does hereby

**RECOMMEND** that Defendant National Union's Motion To Tax Attorney's Fees and Costs (DE # 252, filed 2/25/05), be **GRANTED in part**, in the amount of $423,569.45 for attorney's fees, and $40.00 for costs, for a total award of $423,609.45.

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.), *cert. denied,* 488 U.S. 958 (1988).

**DONE AND SUBMITTED** at Miami, Florida, this _13th_ day of September, 2005.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Paul C. Huck,
    United States District Judge
Steven J. Brodie, Esq.
Jeffery Michael Cohen, Esq.
    Served by chambers to facsimile # 305-530-0055
    (Counsel for Defendant National Union)
Guy B. Bailey, Esq.
    Served by chambers to facsimile # 305-374-6715
    (Counsel for Plaintiff Heritage Corporation)