IN THE UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 01-003519 CIV HUCK

THE HERITAGE CORPORATION OF SOUTH FLORIDA and HERITAGE CORPORATION OF SOUTH FLORIDA EMPLOYEE PENSION PLAN,

    Plaintiffs/Counter-Defendants,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

    Defendants/Counter-Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Intervenor Plaintiff,

_____/

# NATIONAL UNION'S MOTION FOR PROCEEDINGS SUPPLEMENTARY AND MEMORANDUM OF LAW

Defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), pursuant to Federal Rule of Civil Procedure 69(a)(1) and § 56.29(5), Florida Statutes respectfully moves this Court for entry of an order allowing National Union to proceed supplementary to execution and directing the United States Marshall for the Southern District of Florida to conduct a judicial sale forthwith of that certain chose of action being asserted by The

13345983.1

Carlton Fields, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-2114 - 305.530.0050

Heritage Corporation of South Florida ("Heritage") in Case No. 06-22180 CIV HUCK (the "Chose in Action").

National Union is the holder of a money judgment in the amount of $352,416.56 (the "Judgment") entered against Heritage on November 2, 2005. A copy of the Judgment is attached hereto as Exhibit "A." The Judgment remains unsatisfied and National Union seeks to levy upon the Chose in Action, the only known asset of Heritage, to satisfy the Judgment. As set forth below the Chose in Action constitutes intangible property belonging to Heritage, a judgment debtor, subject to levy through proceedings supplementary.

On or about May 14, 2008, the Clerk of this Court issued a Writ of Execution on the Judgment. A copy of the Writ is attached as Exhibit "B." National Union is unable to provide instruction to levy because it is not aware of any assets of Heritage, other than the Chose in Action. The Writ of Execution is unsatisfied in the total amount of the Judgment.

**MEMORANDUM OF LAW**

I. **Governing Law on Execution.**

A. **Federal Law Requires District Court to Look to State Law.**

Federal Rule of Civil Procedure 69(a)(1) titled "Money Judgment; Applicable Procedure" provides that "…[t]he procedure on execution- and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located…" (Emphasis supplied.) Accordingly, Florida statutory and case law control the procedure by which a judgment creditor such as National Union can levy on a "chose in action." See Florida Guaranteed Securities v. McAllister, 47 F.2d 762 (S.D. Fla. 1931)(applying Florida state law on proceedings supplementary). See also Neshewat v. Salem, 365 F. Supp. 2d 508

(S.D. N.Y. 2005(applying New York state law); and <u>Newberry v. Davison Chemical Co.</u>, 65 F.2d 724 (4th Cir. 1933)(applying North Carolina law on proceedings supplementary).

### B. Florida Law Permits a Chose of Action to Be Reached by Proceedings Supplementary.

Florida Statute § 56.29 titled "Proceedings Supplementary" establishes a statutory remedy available to a judgment creditor holding an unsatisfied judgment or judgment lien. Fla. Stat. § 56.29(1). It permits a court to order any property belonging to a judgment debtor, not exempt from execution to be applied toward the satisfaction of the judgment debt. Fla. Stat. § 56.29(5).

Florida law is well settled. A right to bring a lawsuit, such as the Chose of Action, is property that may be reached by a judgment creditor through proceedings supplementary. <u>Craft v. Craft</u>, 757 So.2d 571 (Fla. 4th DCA 2000); <u>General Guaranty Insurance Company of Florida v. DaCosta</u>, 190 So.2d 211 (Fla. 3rd DCA 1966); and, <u>Northwestern National Insurance Co. v. W.S. Jackson</u>, 251 So.2d 326 (Fla. 3rd DCA 1971). The only inquiry here is whether National Union has satisfied the minimal statutory prerequisites for proceedings supplementary under Fla. Stat. § 56.29.

### II. National Union Satisfies the Prerequisites for Proceedings Supplementary.

The prerequisites for a judgment creditor to utilize proceedings supplementary, Florida Statute § 56.29, are that the judgment creditor must (1) hold an unsatisfied judgment or judgment lien; and (2) file an affidavit attesting to same and that the execution is valid and outstanding. Fla. Stat. § 56.29(1).

The Declaration of Jeffrey Michael Cohen (Exhibit "B") satisfies these prerequisites and therefore National Union is entitled to proceedings supplementary.

The proceedings supplementary statute does state that upon the motion the Court shall require the judgment debtor to appear before it or a general master to be examined under oath. National Union proffers that this examination is not necessary in Federal Court and that judicial economy will not be served by conducting such an examination. Plaintiff is a dissolved corporation. Edward Feinstein, its former President, has stated that it has no tangible assets. Its only property is the Chose of Action. Any examination of Heritage concerning **other** property would be futile.

Accordingly, the Court should permit National Union to proceed supplementary to execution and direct the Marshall to conduct a judicial sale of the Chose of Action.

WHEREFORE, National Union requests that this Court enter an Order directing the Marshall to conduct a judicial sale of the Chose of Action forthwith and award National Union attorneys' fees and costs pursuant to Fla. Stat. § 56.29.

Respectfully submitted.

BY: _____s/Jeffrey Michael Cohen
STEVEN J. BRODIE, FL Bar No. 333069
sbrodie@carltonfields.com
JEFFREY MICHAEL COHEN, FL Bar No. 091495
jmcohen@carltonfields.com
CARLTON FIELDS, P.A.
100 S.E. Second Street
4000 International Place
Miami, FL 33133
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
*Attorneys for Defendants*

13345983.1

4

Carlton Fields, P. A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-2114 - 305.530.0050

Case No. 01-003519 CIV HUCK

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                       s/Jeffrey Michael Cohen
                                                                       JEFFREY MICHAEL COHEN

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO.: 01-003519 (HUCK/TURNOFF)

THE HERITAGE CORPORATION OF SOUTH FLORIDA, INC. AND HERITAGE CORPORATION OF SOUTH FLORIDA EMPLOYEE PENSION PLAN,

    Plaintiffs/Counter-Defendants,

vs.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA AND AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

    Defendants/Counter-Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Intervenor Plaintiff.

_____/

## FINAL JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS

THIS CAUSE came before the Court upon the Motion for Final Judgment Awarding Attorneys' Fees and Costs filed by the Defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). (D.E. _____). The Court previously entered orders dated September 23, 2003 (D.E. 238), January 26, 2004 (D.E. 245), and March 4, 2005 (D.E. 258), which entitle National Union to a final judgment awarding attorneys' fees and costs against Plaintiff, The Heritage Corporation of South Florida, Inc. ("Heritage"). The



EXHIBIT "A"



amount of those fees was determined by this Court's Order on October 6, 2005 (D.E. 289). Upon consideration, it is

ORDERED:

1. National Union's Motion for Final Judgment Awarding Attorneys' Fees and Costs is GRANTED.

2. National Union shall recover its attorneys' fees and costs in the sum of $352,415.56 from Heritage, for which let execution issue.

3. Paragraph 9 of the Final Judgment dated October 29, 2002 (D.E. 212) is superseded by this Final Judgment.

4. This Final Judgment shall bear interest at the rate allowed by law from the date hereof. See 28 U.S.C. Sec 1961

DONE AND ORDERED in Miami, Miami-Dade County, Florida this 2 day of November, 2005.

UNITED STATES
DISTRICT COURT JUDGE

Copies furnished to:
Jeffrey Michael Cohen and Steven J. Brodie, CARLTON FIELDS, P.A., Attorneys for National Union, 100 S.E. Second Street, 4000 International Place, Miami, FL 33133

Barry S. Bendetowies, Attorney for Freddie Mac, 10100 West Sample Road, Suite 317, Coral Springs, FL 33065

William G. Ballaine and Eileen de Callies, Attorney for Freddie Mac, 120 Broadway, 27th Floor New York, NY 10271

Lance Wolfe, Attorney for Freddie Mac, 8200 Jones Branch Drive, McLean, VA 22101

Guy B. Bailey, Jr. and Owei Z. Belleh, Bailey & Dawes, L.C., Attorneys for Heritage, Continental Plaza, Suite 100, 3250 Mary Street, Coconut Grove, Florida 33131-5232

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By: Martha Daban, Deputy Clerk
Date 11/8/05

BOOK LAST 24008 PAGE 1394

# EXHIBIT B

DC 11 (REV. 11/2002)

# WRIT OF EXECUTION

CV

| UNITED STATES DISTRICT COURT | DISTRICT SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| | CASE NUMBER: 01-003519(HUCK/TURNOFF) |

**TO THE MARSHAL OF:**

SOUTHERN DISTRICT OF FLORIDA

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

**NAME**

THE HERITAGE CORPORATION OF SOUTH FLORIDA, INC.

FILED by _____ D.C.

MAY 14 2008

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

YOU CAUSE TO BE MADE AND LEVIED AS WELL A CERTAIN DEBT OF:

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

**DOLLAR AMOUNT**

$352,415.56

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,
BEFORE THE JUDGE OF THE SAID COURT BY THE CONSIDERATION OF THE SAME JUDGE LATELY RECOVERED AGAINST THE SAID,

THE HERITAGE CORPORATION OF SOUTH FLORIDA, INC.

AND ALSO THE COSTS THAT MAY ACCRUE UNDER THIS WRIT.
AND THAT YOU HAVE ABOVE LISTED MONEYS AT THE PLACE AND DATE LISTED BELOW; AND THAT YOU BRING THIS WRIT WITH YOU.

| PLACE | DISTRICT SOUTHERN |
|---|---|
| CITY | DATE |

WITNESS THE HONORABLE     PAUL C. HUCK
                         (UNITED STATES JUDGE)

| DATE | CLERK OF COURT Steven M. Larimore |
|---|---|
| MAY 14 2008 | (BY) DEPUTY CLERK |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|

THIS WRIT WAS RECEIVED AND EXECUTED.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|

EXHIBIT "B"

5639465.1