IN THE UNITED STATES DISTRICT COURT
SOUTHERNDISTRICT OF FLORIDA
MIAMI DIVISIION

CASE NO:  01-003519 CIV HUCK

THE HERITAGE CORPORATION, etc.

    Plaintiff/Counter-Defendant,

v.

NATIONAL UNION FIRE INSURANCE, etc. et al
    Defendants/Counter-Plaintiffs,

_____/

## PLAINTIFF HERITAGE'S RESPONSE TO NATIONAL UNION'S EFFORT TO THWART HERITAGE'S ABILITY TO APPEAL AND TO DEPRIVE THE COURT OF JURISDICTION BY SEEKING TO "LEVY" UPON ITS ADVERSARY'S RIGHT TO SUE CREDITOR

Plaintiff, The Heritage Corporation of South Florida ("Heritage"), responds to National Union's unprecedented attempt to deprive an adversary in an ongoing litigation of the right to vindicate its rights against the creditor-adversary.

Heritage is unaware, and assumes that the legal research abilities of National Union's estimable counsel would have uncovered and dutifully revealed to the Court, any cases pro or con where one adversary sought to snuff out it's opponents ongoing suit against it, arising out of the same controversy, and still being processed by the Court.

Law offices
BAILEY & DAWES, L.C.
CONTINENTAL PLAZA, SUITE 100, 3250 MARY STREET, MAIMI, FLORIDA  33133 TEL: 305.374.5505; FAX: 305.374.6715

The subject of this effort has been discussed a few times over the past decades, and was always disposed of as a serious matter by saying it was akin to a "snake's trying to eat its own tail."

None of the cases cited by National Union represents such a situation. In short, National Union's motion appears to be without precedent, certainly under Florida law.

The District Court, chose in action upon which National Union seeks to levy, has entered summary judgment against Heritage, rendering the effort to levy <u>moot</u>.

Should Heritage once again prevail on appeal, and subsequently should obtain a judgment, National Union's rights would be fully protected, as by a set off against any judgment.

In short, other than to try to pre-exempt Heritage's right to appeal by such subterfuge, National Union can gain nothing now, and cannot lose its set-off rights in the event Heritage should ever obtain a judgment against it.

Surely Florida's public policy of permitting insured's rights under Section 624.155 Fla. Stat would be thwarted by the insured's current effort to eliminate the insured's rights to have its appeal vindicated.

Wherefore, Heritage respectfully submits, in the interest of justice and fairness, that this spurious effort should be denied.

Law offices
BAILEY & DAWES, L.C.
CONTINENTAL PLAZA, SUITE 100, 3250 MARY STREET, MAIMI, FLORIDA  33133 TEL: 305.374.5505; FAX: 305.374.6715

        Respectfully submitted,

        Bailey & Dawes, L.C.
        *Attorneys for Plaintiff Heritage*
        Continental Plaza, Suite 100
        3250 Mary Street, Coconut Grove
        Miami, Florida  33131-5232
        Telephone:  305.374.5505
        Facsimile:    305.375.6715

By: */s/Guy B. Bailey, Jr*
      Guy B. Bailey, Jr.
      Fla. Bar No.: 095096

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been furnished via electronic mail and U.S. Mail on this **29th day of July, 2008** to:  **Jeffrey M. Cohen, Esq.**, **Steven J. Brodie, Esq.,** *Carlton Fields, P.A.*, Bank of America Tower, Suite 4000, 100 S.E. Second Street, Miami, FL 33131.

        */s/Guy B. Bailey, Jr*.
        Of Counsel