UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-003519-CIV-HUCK/O'SULLIVAN

THE HERITAGE CORPORATION OF SOUTH
FLORIDA AND HERITAGE CORPORATION
OF SOUTH FLORIDA EMPLOYEE PENSION PLAN,

    Plaintiffs/Counter-Defendants,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA and
AMERICAN INTERNATIONAL SPECIALTY
LINES INSURANCE COMPANY,

    Defendants/Counter-Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Intervenor/Plaintiff,

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court upon National Union's Motion for Proceedings Supplementary (DE# 293, 6/05/08). This matter was referred to the undersigned by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law and having held a hearing in this matter on October 20, 2008, the undersigned respectfully recommends that National Union's Motion for Proceedings Supplementary (DE# 293, 6/05/08) be **DENIED** in accordance with this Report and Recommendation.

**BACKGROUND**

On November 2, 2005, the defendant, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union" or "defendant"), obtained a judgment for attorney's fees and costs against the plaintiff, The Heritage Corporation of South Florida, Inc. (hereinafter "Heritage" or "plaintiff"), in the amount of $352,415.56. See Final Judgment Awarding Attorney's Fees and Costs (DE# 291, 11/2/05). To date, this judgment remains unsatisfied.

On June 5, 2008, the defendant filed National Union's Motion for Proceedings Supplementary and Memorandum of Law (DE# 293) and Notice of Filing Declaration of Jeffrey Michael Cohen in Support of National Union's Motion for Proceedings Supplementary (DE# 294). On July 29, 2008, the plaintiff filed Plaintiff Heritage's Response to National Union's Effort to Thwart Heritage's Ability to Appeal and to Deprive the Court of Jurisdiction by Seeking to "Levy" Upon its Adversary's Right to Sue Creditor (DE# 303).[1] The defendant filed its reply on August 15, 2008. See National Union's Reply to Heritage's Response to Motion for Proceedings Supplementary (DE# 306, 8/15/08).

On October 20, 2008, the defendant filed a notice listing five creditors of the plaintiff and the corresponding judgment lien certificates. See National Union's Notice of Filing (DE# 310, 10/20/08). The notice shows that three creditors have priority over the defendant's claim. On the same day, the undersigned held a hearing on the instant motion. This matter is now ripe for determination.

---

[1] The plaintiff's response was filed after the undersigned issued an Order requiring a response and warning the plaintiff that the failure to respond could result in an Order granting the instant motion in its entirety. See Order (DE# 297, 6/25/08).

**ANALYSIS**

The defendant seeks to commence proceedings supplementary and conduct a judicial sale of the "chose in action." See National Union's Motion for Proceedings Supplementary (DE# 293 at 1, 6/05/08). The plaintiff objects to the relief sought by the defendant on public policy grounds. See Plaintiff Heritage's Response to National Union's Effort to Thwart Heritage's Ability to Appeal and to Deprive the Court of Jurisdiction by Seeking to "Levy" Upon its Adversary's Right to Sue Creditor (DE# 303, 7/29/08).

In the instant case, the "chose in action" is a subsequent bad faith lawsuit, <u>The Heritage Corporation of South Florida v. National Union Fire Insurance Company of Pittsburgh, PA and American International Group</u>, Case No. 06-22180-CIV-HUCK, filed by Heritage against National Union and its parent corporation, American International Group ("AIG"). The plaintiff filed the chose in action pursuant to sections 624.155 and 626.9541(1)(i), Florida Statutes, to recover for damages sustained on account of National Union's alleged bad faith handling of Heritage's claim. See National Union's Reply to Heritage's Response to Motion for Proceedings Supplementary (DE# 306 at 2, 8/15/08).  On July 24, 2008, the Court granted summary judgment in favor of the defendants, National Union and AIG, in the bad faith lawsuit (the chose in action) and entered a final judgment against Heritage. See Order Granting Defendants' Motions for Summary Judgment (DE# 112 in 06-22180-CIV-HUCK, 7/24/08); Final Judgment (DE# 111 in 06-22180-CIV-HUCK, 7/24/08). On August 20, 2008, the plaintiff appealed the final judgment. See Notice of Appeal (DE# 114 in 06-22180-CIV-HUCK, 8/20/08). The

case is presently pending before the Eleventh Circuit Court of Appeals.[2]

Florida Law governs proceedings supplementary in the instant case. Rule 69(a)(1) of the Federal Rules of Civil Procedure states, in part, that:

> [t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . .

Fed. R. Civ. P. 69(a)(1). Section 56.29(1), Florida Statutes, provides that:

> When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29 (1).

Under Florida law, all that is required for maintaining a proceedings supplementary under section 56.29 is "the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings." Continental Cigar Corp. v. Edelman & Co., Inc., 397 So. 2d 957, 958 (Fla. 3d DCA 1981) (rejecting earlier court decisions requiring two jurisdictional prerequisites for post-judgment proceedings supplementary: (1) a returned and unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impled).

In support of its motion, the defendant has filed the declaration of Jeffrey Michael

---

[2] The appeal was initially dismissed by the appellate court clerk for failure to prosecute. See Order of Dismissal (DE# 121, 9/25/08). On October 20, 2008, the plaintiff represented to the undersigned that the appellate court has reinstated his appeal.

Cohen. See Notice of Filing Declaration of Jeffrey Michael Cohen in Support of National Union's Motion for Proceedings Supplementary (DE# 294, 6/5/08). In his declaration, Mr. Cohen declares under penalty of perjury as follows:

> 2.     On November 2, 2005, in this civil action, National Union obtained a Final Judgment Awarding Attorneys' Fees and Costs against Plaintiff, THE HERITAGE CORPORATION OF SOUTH FLORIDA, INC. ("Heritage"), for $352,415.56 (the "Judgment"). On December 2, 2005, the Judgment was recorded in the Public records of Miami-Dade, County, Florida.
>
>       *     *     *
>
> 3.     On or about May 14, 2008, the Clerk of this Court issued a Writ of Execution on the Judgment.
>
>       *     *     *
>
> 4. The Writ of Execution remains unsatisfied in the total amount of the Judgment.

Declaration of Jeffrey Michael Cohen in Support of National Union's Motion for Proceedings Supplementary (DE# 294, 6/5/08). Although the defendant meets the technical requirements to commence proceedings supplementary under section 56.29, Florida Statutes, the undersigned recommends that the instant motion be denied for the reasons set forth below.

    The plaintiff is a dissolved corporation. Edward Feinstein, the plaintiff's former president has stated that the plaintiff has no tangible assets. See National Union's Motion for Proceedings Supplementary and Memorandum of Law (DE# 293 at 4, 6/5/08). As such, the defendant asks the Court to allow it to commence proceedings supplementary against the plaintiff's only asset, the bad faith lawsuit against the defendant.

The defendant seeks to have the Marshals auction the bad faith lawsuit in proceedings supplementary. The defendant intends to purchase the bad faith lawsuit and terminate the appeal. The defendant argues that the beneficiary of the auction would be the nonparty creditors who have priority over the defendant's claim. According to the defendant, depending on the amount of the winning bid, some or all of the creditors before the defendant could satisfy or reduce their claims. The plaintiff argues that allowing the defendants to effectively extinguish the plaintiff's cause of action would be inequitable.

In <u>Donan v. Dolce Vita SA, Inc.</u>, No. 4D08-1627, 2008 WL 4414299 (Fla. 4th DCA Oct. 1, 2008),[3] the Fourth District Court of Appeal addressed a similar issue. In that case:

> Dolce Vita [filed a complaint] seeking damages against Donan for breach of contract. Dolce Vita's complaint was dismissed without prejudice and an associated lis pendens was judged improper. Dolce Vita filed a new complaint against Donan based upon the same cause of action. By way of agreed order, Dolce Vita's claim was referred to arbitration before the American Arbitration Association, with the exception of matters relating to the lis pendens . . . .

<u>Id.</u> at *1. Because Dolce Vita's complaint had been dismissed, Donan sought attorney's fees and costs. The court entered a final judgment of $16,954.48 in favor of Donan for attorney's fees and costs. <u>Id.</u> Donan sought to commence proceedings supplementary to satisfy the judgment through Dolce Vita's chose in action, the arbitration case against Donan. The trial court granted Donan's motion which allowed Donan to have the chose in action seized, executed upon and sold to the highest bidder at a sheriff's sale. A

---

[3] The <u>Donan</u> case was decided before oral argument but after the matter was briefed by the parties.

6

notice of sheriff's sale was issued. Dolce Vita filed an emergency motion to quash the notice of sheriff's sale which the trial court granted. Donan appealed.

On appeal, Dolce Vita argued that "it [wa]s inequitable and contrary to public policy to allow Donan to use the proceedings supplementary to purchase Dolce Vita's breach of contract action and dismiss it." Id. at *2. The appellate court agreed and held that the trial court did not abuse its discretion in quashing the sheriff's sale. "Our conclusion that the trial court had the discretion to make this exception to the statute [Fla. Stat. § 56.29] is supported by the fact that statutory supplementary proceedings are based on earlier remedies which were equitable in nature." Id. at * 3 (citing Puzzo v. Ray, 386 So.2d 49, 51 (Fla. 4th DCA 1980)). The appellate court noted that the language in section 56.29(5),[4] Florida Statutes, was permissive and cited the inequities that would result from permitting Donan to purchase Dolce Vita's breach of contract action against him and dismiss it without a resolution on the merits. Id. at *2.

The court in Donan was persuaded by the reasoning in Paglia v. Breskovich, 522 P.2d 511 (Wash. Ct. App. 1974). Paglia held that "the court does possess inherent supervisory power over its own process, exercisable when the demands of justice to all parties can be reasonably satisfied, to set aside a sheriff's bill of sale which effectively deprives the judgment debtor an opportunity to establish his claim." Id. at 513. In Paglia, an attorney representing a party against whom a judgment debtor had a claim purchased, for collection, the judgment, levied upon the claim which the judgment

---

[4] Section 56.29(5) reads as follows: "[t]he judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29(5).

7

debtor asserted against the attorney's client, and then purchased that debtor's claim at a sheriff's sale. The attorney advised the trial court of his intent: "We are intending to take away [the judgment debtor's] ability to prosecute the action." Id. at 512. The trial court permitted the attorney to take the place of the judgment debtor as the plaintiff in the claim against his client and denied the judgment debtor's motion to set aside the sheriff's sale. Id. Nonetheless, the trial court "was obviously distressed at its inability to grant any type of equitable relief which [the judgment debtor] sought." Id. The appellate court reversed finding that the trial court could invoke its inherent supervisory power to set aside a sheriff's sale of a judgment debtor's pending civil action to prevent an grossly inequitable result. Id. at 514.

      The defendant argues that unlike Dolce Vita and Donan, the merits of the plaintiff's claim in the bad faith lawsuit have already been determined by this Court. The defendant further notes that the beneficiaries of the proceedings supplementary would be the judgment creditors whose claims have priority over the defendant's claim.  The undersigned finds that the bad faith lawsuit should not be subject to execution in a proceedings supplementary. To permit the defendant to proceeded against the chose in action would deprive the plaintiff of obtaining a ruling on the merits from the appellate court. It would allow one party to obtain control and management of both ends of a lawsuit. The same inequitable result that concerned the courts in Donan and Paglia. "The right of litigants to have their day in court and the right to appeal if the litigants are dissatisfied with adverse results are prerogatives inherent in our judicial system." Matter of Estate of Nelson, 281 NW 2d 245, 250 (N.D. 1979).  Since the defendant represents that the plaintiff has no other assets against which proceedings supplementary can

8

commence, the undersigned recommends that the instant motion be denied.

## **RECOMMENDATION**

For all the foregoing reasons, the undersigned recommends that National Union's Motion for Proceedings Supplementary (DE# 293, 6/05/08) be **DENIED**. The Court should not permit the defendant to prevent the plaintiff from obtaining a ruling on the merits of its claim from the appellate court.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **21st** day of October, 2008.

                                        JOHN J. O'SULLIVAN
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Paul C. Huck
All counsel of record